FILED IN OPEN COURT
ON 5-25-2022
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-CR-106-1BO(1)
NO. 5:22-CR-106-2BO(1)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **I N D I C T M E N T** |
| ) | |
| CHRISTOPHER HAMMOND ) | |
| HEATHER L. HAMMOND ) | |

The Grand Jury charges:

1. At all times relevant to this Indictment, Defendant, CHRISTOPHER HAMMOND, served on active duty in the United States Army. From September 2018 to present, CHRISTOPHER HAMMOND has been stationed at Fort Bragg, NC where he was assigned to B Company, Group Support Battalion (GSB), 3rd Special Forces Group (SFG) and his current rank is Chief Warrant Officer 3. Working as an Armament Systems Maintenance Warrant Officer, HAMMOND managed activities and personnel engaged in small arms repair, and established removal and replacement procedures of items beyond repair. Additionally, HAMMOND coordinated with external logistics elements to expedite equipment repair and material readiness.

2. At all times relevant to this Indictment, Defendant, HEATHER L. HAMMOND, served on active duty in the U.S. Army and her current rank is Major. Defendant HEATHER L. HAMMOND was married to and lived with defendant HAMMOND. They jointly and separately own both real and personal properties and

1

financial accounts.

3. The Defense Logistics Agency (DLA) manages the end-to-end global defense supply chain – from raw materials to end user disposition for the five military services, 11 combatant commands, other federal, state, and local agencies and partner and allied nations. DLA procures more than $41.8 billion in goods and services annually on behalf of its customers; and disposes of excess military property through reutilization, resale, and demilitarization programs.

4. DLA Disposition Services is a branch of DLA that disposes of excess property received from the military services. The inventory of excess items includes weapons, weapons parts and accessories, vehicles, clothing, computers, furniture, and much more; essentially any property procured by a DoD agency that is no longer needed by that agency.

5. The DLA Reutilization, Transfer, and Donation (RTD) is a program administered by the DLA Disposition Services that offers excess DoD property to the U.S. military units; other federal agencies; state and local governments; other organizations, such as nonprofit educational entities; and community and public health agencies. The RTD program provides a huge cost savings by avoiding new DoD procurement costs and repairs and is of considerable benefit to the aforementioned entities and to the American Taxpayer. Miscellaneous organizations and programs (Civil Air Patrol, Foreign Military Sales, Humanitarian Assistance Program, etc.) may be qualified to receive DLA Disposition Services property, but items requisitioned through DLA Dispositions Services sites shall be for administrative and

other purposes from which no direct benefits will be realized by private individuals.

6. The process for requesting DLA excess property starts when the requesting individual registers for access to the DLA RTD Program under the DLA Account Management and Provisioning System (AMPS). The system requires among other items, a work email, work address, organization and associated Department of Defense Activity Address Code (DODAAC) – a six-character code that uniquely identifies an organization that has the authority to requisition material. Once access is granted, the requestor may search for excess property located at DLA Disposition sites worldwide using a DLA web-based platform. When the requestor identifies and requests needed items, a Disposal Turn-In Document (DTID) is generated and linked to the requestor's DODAAC.

7. A DTID is assigned a 14-character identifier that consists of the DODAAC, followed by the Julian date, and a four-digit serial number. Each DTID is unique to a specific transaction. If a requestor is picking up the item from a DLA Disposition Services facility, a "walk-in requisition" may be conducted, which indicates the user is on site and requesting to pick the item up the same day. If the user is picking the item up at a later date, or requesting the DLA ship the requested items to an organization's address, then the user will select "Customer Pick-up." A Customer Pick-up requires a Letter of Authorization (LOA) be on file in the DLA centralized file. The LOA includes the full name and signatures for the Accountable Officer, Commanding Officer, and designees authorized to sign requisitions (for direct removal) on behalf of the Accountable Supply Officer.

8. The DODAAC for B Company, GSB, 3rd SFG, the unit of CW3 HAMMOND, is ****E7. DLA was requested to provide a list of all property requisitioned by HAMMOND from the DLA RTD Program using DODAAC ****E7. DLA provided a list of items requested and received by HAMMOND between December 2018 and March 2022. The list of items included, but was not limited to, various weapons parts such as lower/upper receivers, gun barrels, gun bolts, firing pins, magazines, fixed sights, scopes, gun cases, holsters, and other gun parts. HAMMOND also requested and received electric guitars, bayonets, sword and scabbards, various tools, lathes, milling machines, welding equipment, gym equipment, night vision goggles, and all-terrain vehicles.

## COUNT ONE

9. The grand jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one through eight of the Indictment, and further alleges that:

10. Beginning in or about December 2018, and continuing to on or about April 21, 2022, in the Eastern District of North Carolina and elsewhere, the defendant, CHRISTOPHER HAMMOND, did willfully and knowingly embezzle, purloin, and steal property of the United States, that is, weapons parts and accessories, optics, firearm magazines, guitars, welding equipment, lathes, metal working equipment, all-terrain vehicles, tools and toolboxes, and various other items belonging to the United States of a value exceeding $1,000.00, with intent to convert

said property to his own and others' use, in violation of Title 18, United States Code, Section 641.

## COUNTS TWO AND THREE

11. The grand jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one through eight of the Indictment, and further alleges that:

12. While employed as described above, the defendant CHRISTOPHER HAMMOND developed a scheme and artifice through which, using the DODAAC assigned for his unit, he knowingly requisitioned and received various government-owned items, which he then used for his own or others' private use and/or profit.

13. Between on or about April 22, 2021 and on or about July 26, 2021, in the Eastern District of North Carolina and elsewhere, CHRISTOPHER HAMMOND, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as described above, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, writings, and sounds, that is, communication by electronic mail as further set forth below, each transmission constituting a separate count:

14. On or about April 22, 2021, defendant CHRISTOPHER HAMMOND, using his government issued email, sent a confirmation of a DLA RTD order to DLA: "I ordered qty 50 of DTID W90CGG1069T904 under request number ****E711120001. Can you please provide the scopes with the cases and sure [sic] the

5

glass isn't broken. Unit is requesting for deployment."

15.     Between on or about April 28, 2021 and on or about July 28, 2021, M.S., a civilian and a person known to the grand jury, sent 35 wires totaling approximately $485,951 to CHRISTOPHER HAMMOND.

16.     In or about June, 2021, M.S., a civilian and a person known to the grand jury, sent 26 of those 50 items to the manufacturer for repair under the warranty given the government for the items.

17.     On or about July 26, 2021, the manufacturer notified the civilian M.S.: "We have placed you [sic] service request on hold pending verification of additional information. I need you to respond to this email through your Government email address. Is this part of the M151 program? We need to know what you want done to these units and the return DODAAC."

18.     On or about July 26, 2021, at a time after the email reflected in paragraph 16, above, defendant Christopher Hammond sent an email to the manufacturer claiming, ". . . I had one of my units that was out conducting training give a contractor a bunch of Leupold optics to return for service. [A company employee] is holding them up from service. Can you get this resolved for me as I am out of the country with no access to military email? The optics are gen 2 M151s, mk8 CQBSS and a mk4 ER/T H58. Please see below for my .gov email and dodaac. If you would like to send email to my socom account you'll see it's setup as out of country till 6 august. Only account I have access too at this time is personal with very limited access. Thank you all.

Christopher.hammond@socom.mil
****E7"

19. The acts in paragraphs 14 and 18 constituting two separate violations:

| COUNT | DATE | Description |
| --- | --- | --- |
| 2 | 4/22/2021 | Email falsely stating order was for unit's use in deployment |
| 3 | 7/26/2021 | Email falsely stating the repair of the items was for a unit in training and they had been given to M.S. to obtain repair on their behalf |

All in violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

20. The grand jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one through eight of the Indictment, and further alleges that:

21. Defendant CHRISTOPHER HAMMOND is the sole owner of USAA Bank checking account number ending in 4325 (USAA account 4325) opened September 24, 2018. During the period reviewed, deposits consisted of HAMMOND'S military pay and tax refunds. There were no other deposits from employment. Debits from the account included normal household expenses.

22. Defendant CHRISTOPHER HAMMOND is the sole owner of USAA Bank checking account number ending in 4351 (USAA account 4351) opened December 22, 2020. Between January 2021 and January 2022, this account received 111 wires totaling $1,868,607. During the period reviewed, there were no other deposits into this account.

7

23. Between April 2021 and March 2022, M.S., a civilian and person known to the grand jury, sent more than 80 wires totaling approximately $1,244,249 to USAA account 4351. CHRISTOPHER HAMMOND transferred the wire deposits from the USAA account 4351 into the USAA account 4325 before transferring into investment accounts at Charles Schwab and Robinhood. After transferring the contents of the account, HAMMOND closed USAA account 4351 on January 31, 2022.

24. Defendant CHRISTOPHER HAMMOND is the sole owner of Schwab Brokerage account number ending in 6423 (Schwab account 6423). HAMMOND opened the account on January 21, 2021 with a $50,000 transfer from the USAA account 4325. Between January and June 2021, HAMMOND made eight transfers totaling $222,500 from the USAA account 4325 to his Schwab account 6423. In June 2021, HAMMOND closed the account and transferred the contents to a Schwab Brokerage account number ending in 8367 (Schwab account 8367).

25. Defendant CHRISTOPHER HAMMOND is the sole owner of Schwab Brokerage account number ending in 8367 (Schwab account 8367). HAMMOND opened the account on January 21, 2021 with a $40,000 transfer from the USAA account 4325. Between January 2021 and January 2022, HAMMOND made twenty-one transfers totaling $1,045,000 from the USAA account 4325 to his Schwab account 8367.

26. Defendant CHRISTOPHER HAMMOND is the sole owner of Robinhood Brokerage account number ending in 2960 (Robinhood account 2960). HAMMOND opened the account on February 3, 2021 with a $3,000 transfer from the USAA

account 4325. Between February 2021 and March 2022, HAMMOND transferred $137,500 from the USAA account 4351 to the Robinhood account 2960.

27. Between on or about December 22, 2020 and April 21, 2022, in the Eastern District of North Carolina and elsewhere, defendant CHRISTOPHER HAMMOND did knowingly conduct and attempt to conduct financial transactions, to wit, those described in paragraphs 21 through 26 above, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is theft of government property in violation of 18 U.S.C. § 641, knowing that the transactions was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i).

## COUNT FIVE

28. On June 10, 2021, defendant HEATHER HAMMOND opened Schwab Brokerage account number ending in 2882 (Schwab account 2882). On July 14, 2021, defendant HEATHER L. HAMMOND signed a full power of attorney to co-defendant CHRISTOPHER HAMMOND to allow him access to the account and the ability to make deposits and trades in the account on her behalf. Between August 2021 and January 2022, defendant CHRISTOPHER HAMMOND made eight transfers totaling $333,000 from the USAA account 4325 to the Schwab account 2882.

29. Between on or about August 2021 and January 2022, in the Eastern District of North Carolina and elsewhere, defendants CHRISTOPHER HAMMOND and HEATHER L. HAMMOND, aiding and abetting each other, did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is deposited, withdrew, transferred and exchanged U.S. currency, funds, and monetary instruments, such property having been derived from a specified unlawful activity, that is, theft of government property in violation of 18 U.S.C. § 641, in violation of Title 18, United States Codes, Sections 1957 and 2.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

# FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of, or conspiracy to violate, Section(s) 215, 656, 657, 1006, 1007, 1014, 1341, 1343, or 1344 of Title 18 of the United States Code affecting a financial institution, the defendant shall forfeit to the Unites States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1955(c)(7) and 1981(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C.§ 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

The defendants are, hereby, given notice that all the defendants' interest in the property specified herein is subject to forfeiture. Upon conviction of one or more of the offenses set forth in Counts One, Two, Three, Four and Five of this indictment, the defendants shall forfeit to the United States any and all property, real or personal, constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offenses.

The forfeitable property includes, but is not limited to, the following:

(a) Any and all funds held in Schwab Brokerage account number ending in 8367 in the name of Christopher Hammond;

(b) Any and all funds held in Schwab Roth IRA account number ending in 4014 in the name of Christopher Hammond;

(c) Not to exceed $333,000 in funds held in Schwab Brokerage account number ending in 2882 in the name of Heather Hammond;

(d) Not to exceed $12,000 in funds held in Schwab Roth IRA account number ending in 8964 in the name of Heather Hammond;

(e) Any and all funds held in Robinhood account number ending in 2960 in the name of Christopher Hammond;

(f) Not to exceed $43,500 in funds held in Treasury Direct account in the name of Christopher Hammond;

(g) Not to exceed $80,300 in funds held in USAA Bank 529 account in the name of Christopher Hammond;

(h) Hardinge High-Speed Precision HLV Toolroom & TFB-H Production Lathes;

(i) Powermill Kondia Model Fv-1;

(j) Gladiator cabinet by Whirlpool Corporation, and contents;

(k) Delta S/N 95A14690 CAT 31-730;

(l) Tech-1000/Mac Tools/Drill bits Craftsman;

(m) Millermatic 252;

(n) Snap-On Tool Box and contents;

(o) Snap-On air compressor S/N 393358;

(p) KiQSeries tool box and contents S/N E035914C;

12

(q)     Lock n Roll tool box and contents P/N 8-17062A;

(r)     Balder Grinder Buffers S/N 0910193335;

(s)     Stanley Vidmar tool box and contents X3, beige;

(t)     2021 Grand Design Transcend Travel Trailer, registered to Irene Hammond, VIN 573TT3025M8816838;

(u)     The gross proceeds personally obtained by the defendant(s), in an amount of at least $2,011,841.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853,

13

to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property described above.

A TRUE BILL.

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

24 May 2022
DATE

MICHAEL F. EASLEY, JR.
United States Attorney

*Barbara D. Kocher*
BY: BARBARA D. KOCHER
Assistant United States Attorney